Defendant-appellant Michael W. Scupholm has appealed from a judgment of the Cuyahoga Falls Municipal Court that found him guilty of one count of driving under the influence of alcohol and one count of possession of a prohibited weapon. This Court affirms.
 I.
On January 12, 1999, at approximately 11:40 p.m., Scupholm was arrested by an officer of the Cuyahoga Falls Police Department for driving under the influence of alcohol and possession of a prohibited weapon. The matter was tried to the trial court on May 10, 1999. The trial court found Scupholm guilty as charged. Scupholm timely appeals, asserting two assignments of error.
 II. ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN RULING THAT THE APPELLANT'S AUTOMOBILE WAS OPERABLE AT THE TIME OF THE COMMISSION OF THE ALLEGED OFFENSE BOTH IN ITS INTERPRETATION OF THE DEFINITION OF OPERABILITY AND IN THAT THE COURT'S RULING WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 In his first assignment of error, Scupholm argues that his conviction for driving under the influence of alcohol is invalid because his automobile was not operable at the time he was arrested, and, therefore, his conviction is against the manifest weight of the evidence. This Court disagrees.
Scupholm's sole focus in this assignment of error is whether his motor vehicle was operable at the time he was arrested for driving under the influence of alcohol. See Cuyahoga Falls Codified Ordinances Section333.01(a)(1).
Operability is a question of fact that turns on the driver's ability to cause actual or possible movement of the vehicle. State v. Mackie
(1998), 128 Ohio App.3d 167, 170-171. Inoperability is an affirmative defense for which the defendant has the burden of proof by a preponderance of the evidence. Id. at 170.
The arresting officer came upon Scupholm as he was behind the wheel of his motor vehicle, under the influence of alcohol, stopped halfway up his driveway. The engine to Scupholm's vehicle was running. From the officer's observation of the tire tracks in the snow it was evident that Scupholm's vehicle had been fishtailing. The arresting officer also opined that it was possible for the vehicle to move had it been placed in reverse. For his part, Scupholm emphasizes the conclusions of the tow truck driver that the vehicle had to be dug out of the snow.
Conflicts in the evidence, including the credibility of the witnesses, are primarily for the trier of fact to resolve. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. It was within the trier of fact's province to determine if Scupholm had operated the vehicle, or, conversely, whether he had met his burden and established, by a preponderance of the evidence, the affirmative defense of inoperability. The trial court weighed the evidence and determined that Scupholm's vehicle was indeed operable. After reviewing the record and weighing the evidence, this Court cannot conclude that in reaching its conclusion the trial court created such a miscarriage of justice that this Court must reverse the conviction and order a new trial. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Accordingly, Scupholm's conviction for driving under the influence of alcohol was not against the manifest weight of the evidence.
Scupholm's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II THE TRIAL COURT'S RULING ON THE WEAPON CHARGE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE THE DEFENDANT ESTABLISHED A LEGITIMATE BUSINESS USE FOR THE DEVICE ALLEGED TO HAVE BEEN ILLEGALLY POSSESSED.
In his second assignment of error, Scupholm argues that his conviction for possession of a prohibited weapon is not supported by sufficient evidence and is against the manifest weight of the evidence. This Court disagrees.
Scupholm was convicted of possession of a prohibited weapon pursuant to Cuyahoga Falls Municipal Ordinance Section 549.10(a), which provides: "No person shall carry a * * * karate stick or nunchakus * * * on or about the person [.] * * * It shall be an affirmative defense to a violation of this section, if it appears that the defendant was at the time engaged in a lawful business, employment or occupation[.]" Scupholm does not contest that he was in possession of the nunchakus, rather he alleges the weapon was used as a part of his occupation as a truck driver to thump the tires of his truck to check the air pressure. In essence, Scupholm contends that he proved his affirmative defense by establishing that the weapon was possessed at a time he was engaged in his lawful business.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. Thompkins, supra, at 387. In conducting a sufficiency of the evidence review, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Id. at 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, citing Thompkins, supra, at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten
(1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Scupholm's claims are unsupported by the record. Scupholm was found by the police in his motor vehicle, not his commercial truck, when he was in possession of the nunchakus. Scupholm was arrested over three hours after his shift had ended. In conducting a manifest weight of the evidence review, this Court cannot conclude that the trial court created a manifest miscarriage of justice in convicting Scupholm for possession of a prohibited weapon. See Thompkins, supra.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. (Emphasis omitted.)
State v. Roberts (Sep. 17, 1997), Lorain App. No. 96CA006462, unreported.
Scupholm's second assignment of error is overruled.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ____________________ QUILLIN, Judge.
SLABY, P. J., WHITMORE, J. CONCUR